## AMERICAN LINOLEUM MANUF'G CO. *v.* NAIRN LINOLEUM CO.

*(Circuit Court, D. New Jersey. December 22, 1890.)*

PATENTS FOR INVENTIONS—SUITS FOR INFRINGEMENT—EXPERT TESTIMONY.

On a suit for infringement of letters patent, where complainant calls an expert witness to point out resemblances between the patent and the alleged infringing device, and asks him to interpret the claims of the patent in so doing, he cannot be required to refrain from considering the prior state of the art in giving his testimony.

In Equity. Objections to testimony before examiner. Motion to strike out.

*Walter D. Edmonds,* for complainant.
*Edward N. Dickerson,* for defendant.

LACOMBE, Circuit Judge. The question presented on these motions is briefly this: Whether, when a complainant calls an expert to explain

the meaning of his patent, he may insist that such expert shall, both on direct and cross examination, be strictly confined to an interpretation of that patent, without any consideration of or reference to the state of the art prior to the letters patent. The complainant contends that, inasmuch as it is well-settled law that the letters patent sufficiently prove novelty and patentability, a *prima facie* case is made out, when proof is also given of infringement by the defendant. That is undoubtedly so, if the complainant chooses to confine himself to the letters patent, and a statement of the acts done by the defendant. In that case the court will interpret the words of the patent in the sense in which they are ordinarily employed, and, with the knowledge of the invention thus acquired, will determine whether the acts done by the defendant amount to an infringement. Here, however, the complainant did not choose to rely upon his letters patent alone, but called an expert to point out resemblances between the patent and the alleged infringing process; a stipulation having set out specifically what that process in fact was. Such testimony is admissible on the theory that the language of the patent is obscure, that judges are not always supposed to possess the requisite knowledge of the meaning of the terms of art or science used therein, and that it would be unintelligible to the court unless its words and phrases were translated or explained by one skilled in the art,—by one who, from his experience, is able to say that such words and phrases conveyed to those skilled in the art, when the patent was granted, some meaning broader or narrower or otherwise different from what they would convey to others not thus skilled. Unless the expert's testimony goes to that extent, it is superfluous, because the court will be able, without it, both to interpret the letters patent and to recognize infringement. If, however, such testimony is found necessary, and an expert is called, he should not be required to discharge his mind of the very knowledge as to the prior state of the art, which alone qualifies him to testify as such expert.

In the case at bar, timely objection was made to the fifth question, which reads as follows:

"Please compare the process of producing oxidized oil made use of by the defendants, as described in said admission and testimony, and also the mechanism made use of by them in the application of said process, as similarly described and shown in the drawings referred to, with the subject-matters described in the said letters patent, and specifically claimed in the claims thereof, and point out such resemblances as you may find to exist between the process and apparatus as used and as patented; and, in giving your answer and interpreting claims of said letters patent, you will please refrain from any consideration of or reference to the state of the art prior to the letters patent in suit relating to such process and apparatus, except such as may appear upon the face of the patent itself."

This question, of course, assumes that the witness is to ascertain the meaning of the letters patent; otherwise, he would have no basis of comparison with the defendant's process. It expressly notifies him that he is expected to interpret its claims. Such testimony being admissible only from one skilled in the art, this question, which requires him

to ignore the very experience which alone makes him a competent witness, is itself incompetent. Inasmuch, however, as the question was answered, and as it is not usual to rule upon objections in these cases fragmentarily, the testimony may remain in the case, if complainant so wishes, but subject to cross-examination on the lines indicated by the cross-questions submitted on this argument.